```
              IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
                        EASTERN DIVISION
```

RICHARD CRAWFORD                                           PETITIONER

vs.             Civil Case No. 2:06CV00072 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                RESPONDENT

MEMORANDUM AND ORDER

This is one of several cases litigated before this court concerning the BOP's transfer of inmates to residential reentry centers (RRCs).[1] The Eighth Circuit Court of Appeals recently ruled in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), that a regulation adopted by the BOP on December 14, 2005, which limited placement in an RRC to the last ten percent of an inmate's sentence, was invalid.  In light of <u>Fults</u>, Respondent has filed a pleading in this case stating the BOP is modifying its procedures for institutions in this circuit, and that Petitioner will be evaluated for RRC placement utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998.  Respondent further states that, under this policy statement, the Bureau "will be basing RRC recommendations on statutory (18 U.S.C. § 3621(b)), correctional, and population management interests, e.g., length of

---

[1] These facilities were formerly known as community correctional centers (CCCs), but the BOP renamed them on March 31, 2006.

sentence, seriousness of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc. Consistent with Program Statement 7310.04, recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date." Respondent requests this petition, therefore, be dismissed as moot.

Petitioner requests the court enter a judgment, because he "may need one ... to receive the six months halfway house" transfer, "until the Respondent has shown, in good faith, that the procedures outlined in Program Statement 7310.04, ... will be utilized correctly...." Petitioner does not have a right to a transfer to an RRC, and at no point in the Fults litigation has any court directed the BOP to transfer a specific inmate to an RRC. All Petitioner is entitled to is consideration for such a transfer in accordance with the procedures outlined in Program Statement 7310.04. Respondent has agreed to do that, and it appears this petition is moot. See Ali v. Cangemi 419 F.3d 722, 723 -724 (8th Cir. 2005).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed without prejudice as moot.

SO ORDERED this 13th day of June, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge